**Opinion filed July 30, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00125-CV

_____

## CHELBY THRASHER, Appellant

## V.

## JESSICA THRASHER, Appellee

**On Appeal from the 467th Judicial District Court**

**Denton County, Texas**

**Trial Court Cause No. 24-3376-467**

## M E M O R A N D U M   O P I N I O N

Appellant, Chelby Thrasher, appeals the trial court's final decree of divorce dissolving her marriage to Appellee, Jessica Thrasher.[1]  In three issues, Chelby challenges the provisions in the divorce decree that divide the marital estate and

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).  Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours.  *See* TEX. R. APP. P. 41.3.

confirm Jessica's separate property. In her fourth issue, Chelby challenges the trial court's award of attorney's fees to Jessica. We affirm.

## I. *Factual and Procedural History*

Chelby and Jessica were married on February 25, 2015. Jessica filed an Original Petition for Divorce on April 16, 2024, and Chelby filed an Answer, entering a general denial. On December 3, 2024, the trial court conducted a final hearing, recorded by the court reporter, and on December 5, issued its ruling on the Summary of Requested Relief. On December 31, 2024, Jessica filed a motion to enter the final decree of divorce. On January 14, 2025, the trial court signed the final decree, absent Chelby's signature but with the signature of her counsel. The final decree divided the marital estate between the parties.

### A. *Property Awarded and Debts Assigned to Chelby*

From the marital estate, Chelby was awarded all household furnishings, appliances, goods, and related items within her sole control; all clothing, jewelry and personal effects within her sole control; the sums of cash in her possession; the funds from three checking accounts; her retirement account; a Subaru Forrester motor vehicle; and eight other specific items of personal property. Chelby was ordered to pay the following: the balance of the note on the Subaru Forrester; a debt from Mission Lane; $8,738.45 of Jessica's attorney's fees; 100% of her own attorney's fees; and $11,163.00 of an outstanding Home Equity Line of Credit (HELOC) balance attached to the real property awarded to Jessica as her separate property.

### B. *Property Awarded and Debts Assigned to Jessica*

Jessica was awarded all household furnishings, appliances, goods, and similar items within her sole control; all clothing, jewelry and personal effects within her sole control; the sums of cash in her possession; the funds from four accounts; her retirement account; and her life insurance policy. Jessica was ordered to pay the following: the remaining balance of the mortgage on the separate real property

2

awarded to her; $28,772.33 of the HELOC debt on the real property; a debt from Rooms to Go; all other encumbrances, taxes, or liens on the real property; and her attorney's fees. However, she was awarded a judgment against Chelby to pay $8,738.45 of those attorney's fees as noted above.

Jessica also presented a claim for separate property and presented supporting evidence to the trial court that those items listed were in fact her separate property. The court confirmed that property as her separate property and awarded Jessica the real property, a Shasta 16 SC motor vehicle, a Nissan Frontier motor vehicle, and the portion of her retirement account accumulated prior to the marriage in the amount of $26,705.25.

C. *Posttrial*

Chelby, acting pro se, filed a motion for new trial on January 21, 2025, but did not request a hearing. The motion was overruled by operation of law. TEX. R. CIV. P. 329b(c). Chelby did not make a request for the trial court to issue findings of fact and conclusions of law; she filed her notice of appeal on March 24, 2025. However, Chelby did not request the preparation of a reporter's record for the final hearing; instead, she only requested seven of the exhibits from that hearing.[2]

## II. *Claim for Reimbursement*

In her first issue, Chelby asserts that the trial court erred by failing to award her reimbursement for her contributions that benefitted Jessica's separate estate. *See* TEX. FAM. CODE ANN. § 3.402 (West Supp. 2025). She asserts that she contributed labor and funds toward the maintenance and improvement of the real property awarded to Jessica as her separate property. However, because Chelby filed no

---

[2]When the appeal was docketed, the clerk of the Second Court of Appeals notified Chelby of the requirement to request a reporter's record and to designate, in the request, the exhibits and the portions of the proceedings to be included. *See* TEX. R. APP. P. 34.6(b).

counterpetition in the underlying action, she failed to assert any claim for reimbursement.

A. *Governing Law*

A claim for reimbursement arises upon the dissolution of a marriage when funds from one marital estate have been expended to benefit another marital estate; the spouse seeking reimbursement bears the burden of pleading and proving the claim. *See id.*; *Vallone v. Vallone*, 644 S.W.2d 455, 458–59 (Tex. 1982); *McCartney v. McCartney*, 720 S.W.3d 789, 798 (Tex. App.—Houston [14th Dist.] 2025, no pet.). However, while a judgment must conform to the pleadings in a case, issues not raised in the pleadings may be tried by express or implied consent of the parties. TEX. R. CIV. P. 67, 301; *Mintvest Cap., Ltd v. Coinmint*, LLC, 693 S.W.3d 834, 841 (Tex. App.—Houston [14th Dist.] 2024, no pet.). Even so, to preserve an error for appellate review, the rules of appellate procedure require that the record show (i) the complaining party made a timely request, objection or motion that stated the grounds for the complaint with sufficient specificity to make the trial court aware of the complaint; and (ii) the trial court expressly or implicitly ruled on the request, objection or motion. TEX. R. APP. P. 33.1(a); *Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018).

B. *Discussion*

Chelby's only pleading in the underlying action was her general denial. She did not file a counterpetition, and her answer did not assert a claim for reimbursement of a benefit conferred on Jessica's martial estate. Effectively, Chelby failed to make any affirmative claims for reimbursement of a benefit conferred. "A trial court cannot grant relief to a party in the absence of pleadings supporting that relief, unless the issue has been tried by consent." *Shumskie v. Finnell*, 688 S.W.3d 380, 388 (Tex. App.—Eastland 2024, pet. denied) (quoting *Elliott v. Hollingshead*, 327 S.W.3d 824, 837 (Tex. App.—Eastland 2010, no pet.)). Because Chelby failed

4

to request a reporter's record from the final hearing on the divorce, there is no evidence in the appellate record to suggest that the issue was tried by express or implied consent of the parties. *See Gutierrez v. Gutierrez*, 86 S.W.3d 721, 729 (Tex. App.—El Paso 2002, no pet.) (recognizing that appellate court cannot determine if an unpleaded issue has been tried by consent without the reporter's record). Moreover, the clerk's record and the requested exhibits do not show that Chelby fulfilled the requirement of error preservation by making a timely request, objection or motion on the issue of reimbursement. TEX. R. APP. P. 33.1(a). Thus, "[i]n the absence of pleadings either specifically for or referrable to reimbursement premised on uncompensated time, talent or labor, such recovery is waived and the failure of the trial court to consider the matter does not constitute error." *Vallone*, 644 S.W.2d 459–60; *see Barber v. Barber*, No. 02-21-00291-CV, 2022 WL 4105363, at *3–4 (Tex. App.—Fort Worth Sep. 8, 2022, no pet.) (mem. op.).

Accordingly, we overrule Chelby's first issue.

### III. *Characterization of Property*

In her second issue, Chelby asserts that the trial court mischaracterized three specific assets as Jessica's separate property. The final divorce decree designates a Nissan Frontier motor vehicle, a Shasta 16 SC motor vehicle, and the portion of Jessica's retirement account invested prior to the date of marriage as Jessica's separate property.

### A. *Governing Law*

As an initial matter, we note that Chelby's remaining challenges—the trial court's characterization of certain property, its just and right division of the marital estate, and the reasonableness of attorney's fees—relate to the evidence presented at the final hearing and present questions of the sufficiency of the evidence, not questions of law that could be resolved on the clerk's record alone. *See McCartney*, 720 S.W.3d at 795–96. In this circumstance, in the absence of a complete reporter's

5

record, we must presume that the trial court had sufficient evidence to support its rulings. *MSW Corpus Christi Landfill, Ltd. v. Gulley-Hurst, L.L.C.*, 664 S.W.3d 102, 109 (Tex. 2023) (per curiam).

Characterization of property is determined by the time and circumstances of its acquisition. *Leighton v. Leighton*, 921 S.W .2d 365, 367 (Tex. App.—Houston [1st Dist.] 1996, no writ). This doctrine, known as "inception of title," arises when a party first has a right of claim to the property by virtue of which title is finally vested. *Scott v. Estate of Scott*, 973 S.W.2d 694, 695 (Tex. App.—El Paso 1998, no pet.).

Property possessed by either spouse during or on dissolution of the marriage is presumed to be community property. FAM. § 3.003(a) (West 2006). Property of a spouse owned before marriage, and acquired afterward by gift, devise, or descent, is the separate property of that spouse. TEX. CONST. art. XVI, § 15; *see also* FAM. § 3.001(1), (2). The trial court may not divest a party of his or her separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977); *see Dutton v. Dutton*, 18 S.W.3d 849, 852 (Tex. App.—Eastland 2000, pet. denied). The party asserting that a certain piece of property is actually separate property must establish the separate character of the property by clear and convincing evidence. FAM. § 3.003(b). Clear and convincing evidence is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. FAM. § 101.007 (West 2019); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

"The statutory presumption that property possessed by either spouse upon dissolution of the marriage is community is a rebuttable presumption and is overcome by evidence that a specified item of property is the separate property of one spouse or the other." *Moroch v. Collins*, 174 S.W.3d 849, 856 (Tex. App.—Dallas 2005, pet. denied). To satisfy this burden, the spouse must trace "the separate

origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property." *Id.* at 856–57; *see also Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975).

B. *Standard of Review*

We review the trial court's characterization of marital property for an abuse of discretion. *See In re Marriage of Skarda*, 345 S.W.3d 665, 671 (Tex. App.—Amarillo 2011, no pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding rules or principles. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review; as a result, legal and factual sufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion. *Moore v. Moore*, 568 S.W.3d 725, 729 (Tex. App.—Eastland 2019, no pet.).

In conducting a legal sufficiency review under the clear and convincing evidence standard, an appellate court reviews all the evidence in the light most favorable to the trial court's finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of the finding if a reasonable factfinder could do so. *See id.* When considering the factual sufficiency of the evidence under the clear and convincing evidence standard, we give due consideration to evidence the factfinder reasonably could have found to be clear and convincing. *See Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied). We then consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *J.F.C.*, 96 S.W.3d at 266.

When, as in this case, no findings of fact or conclusions of law are filed or requested, we must presume that the trial court made all the necessary findings to support its judgment. *Roberts v. Roberts*, 402 S.W.3d 833, 838 (Tex. App.—San Antonio 2013, no pet.); *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). If the evidence supports the trial court's implied findings, we must uphold the judgment on any theory of law applicable to the case. *Roberts*, 402 S.W.3d at 838; *Boyd*, 131 S.W.3d at 611.

However, without a complete reporter's record, we are unable to effectively review the trial court's order for an abuse of discretion. *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.) (citing *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)). As previously noted, in family law cases, the abuse of discretion standard overlaps with the traditional sufficiency standard of review, and legal and factual sufficiency are relevant factors in an assessment of whether the trial court abused its discretion. *In re J.Y.O.*, 709 S.W.3d 485, 497 n.92 (Tex. 2024). And in the absence of a complete reporter's record, we presume that the trial court had sufficient evidence to support its rulings. *MSW Corpus Christi Landfill*, 664 S.W.3d at 109.

C. *Discussion*

Chelby only requested that seven of the exhibits from the hearing be prepared and filed. Because we have no record of the final proceeding, we may only refer to those seven exhibits and the clerk's record. TEX. R. APP. P. 34.1; *Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998) ("We may not consider factual assertions that appear solely in the appellate briefs and not before the trial court."). In review of that limited information, we are able to discern that Jessica presented evidence that the Nissan Frontier was titled solely in her name, with the prior owners as "Jerry/Paula Thrasher," which Jessica asserts are her parents who gifted her the vehicle. Property acquired by a spouse during marriage by gift is deemed the spouse's separate

8

property. TEX. CONST. ART. XVI, § 15; *see* FAM. § 3.001(2); *see also DeSpain v. DeSpain*, 704 S.W.3d 866, 869 (Tex. App.—Austin 2024, no pet.). Jessica's retirement account statement also reflects that the amount the trial court confirmed as Jessica's separate property was the balance of the account prior to the date of marriage. The only exhibit regarding the Shasta 16 SC motor vehicle is the Inventory and Appraisement that Jessica provided to the trial court, which indicates that the vehicle was in Jessica's possession, and she held the bill of sale.

Therefore, even in review of the limited evidence Chelby provided, the record does not support that the trial court abused its discretion in its characterization of the specific property it found to be Jessica's separate property. Additionally, several of Chelby's claims are based on her assertion that the parties were in an informal marriage beginning in 2010. However, there is no evidence in the record to support that the parties were recognized as having been married prior to February 25, 2015. Without a reporter's record of the proceeding, we must presume that the evidence was sufficient to support the trial court's rulings. *MSW Corpus Christi Landfill*, 664 S.W.3d at 109.

Therefore, we overrule Chelby's second issue.

## IV. *Assignment of Debt*

In her third issue, Chelby claims that the trial court improperly ordered her to pay a portion of the outstanding HELOC balance attached to the real property that the court confirmed as Jessica's separate property. She claims that assigning the debt to her results in a disproportionate burden and an unjust division of the property.

### A. *Governing Law*

The existence of a HELOC in the name of both parties does not by itself necessarily convert the characterization of the property from separate to community. *See Hale v. Hale*, 712 S.W.3d 670, 678–79 (Tex. App.—Houston [14th Dist.] 2025, no pet.); *Langston v. Langston*, 82 S.W.3d 686, 687–88 (Tex. App.—Eastland 2002,

no pet.). "Simply stated, the fact that [spouses] borrowed funds during marriage for which the real estate served as collateral has no effect on its characterization whatsoever." *Hale*, 712 S.W.3d at 679 (first quoting *Rivera v. Hernandez*, 441 S.W.3d 413, 420 (Tex. App.—El Paso 2014, pet. denied); and then quoting *Haynes v. Haynes*, No. 04-15-00107-CV, 2017 WL 2350970, at *5–6 (Tex. App.—San Antonio May 31, 2017, pet. denied) (mem. op.) ("Even the execution by both parties of a home equity loan does not convert separate property to community property.")). Ultimately, a trial court has the authority to assess a portion of an outstanding debt incurred during the marriage against each spouse to affect a just and fair division of the marital estate. *See* FAM. § 7.001 (West 2020); *Walston v. Walston*, 971 S.W.2d 687, 693–94 (Tex. App.—Waco 1998, pet. denied) ("The [couple's] community debts and liabilities are part of the community estate which must be considered by the trial judge in making a 'just and right' division of their community property.").

B. *Standard of Review*

Trial courts must order a division of the parties' marital estate in a manner that the trial court deems just and right. FAM. § 7.001. The trial court's discretion in dividing the estate is broad and should only be corrected on appeal where the disposition of some property is manifestly unjust and unfair. *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543–45 (Tex. 2018) (citing *Young v. Young*, 609 S.W.2d 758, 762 (Tex. 1980)); *see Wells v. Wells*, 251 S.W.3d 834, 838 (Tex. App.—Eastland 2008, no pet.) (citing *Moroch*, 174 S.W.3d at 857). Absent an abuse of discretion, we will not disturb the property division. *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.) (trial court's property division may not be disturbed on appeal unless complaining party demonstrates from evidence in record that division was so unjust and unfair as to constitute an abuse of discretion). We indulge every reasonable presumption in favor of the trial court's

10

proper exercise of discretion in dividing the marital estate. *Id.* (citing *Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex. App.—Houston [1st Dist.] 1993, writ denied)). We reverse only if the record demonstrates that the trial court clearly abused its discretion, and the error materially affected the just and right division of the marital estate. *Id.* (citing *Jacobs v. Jacobs*, 687 S.W.2d 731, 732–33 (Tex. 1985)).

C. *Discussion*

Chelby provides no authority and points to no evidence to support her position that the trial court abused its discretion in the assessment of a portion of the HELOC loan against Chelby. The only evidence in the appellate record regarding the HELOC attached to the real property was the Inventory and Appraisement that Jessica provided to the trial court. It indicated that there were two transfers—one of $10,000 and the other of $8,200—to Chelby from the HELOC funds. The trial court assessed $11,163 of the total remaining debt from the HELOC against Chelby. The trial court also adopted Jessica's proposed property division, which indicated that there was only a 0.3 percent difference in the division of the net estate between the parties—with 49.8% awarded to Jessica and 50.1% awarded to Chelby. That proposed division also indicated that Jessica would actually incur a greater amount of the community debt in the division of property. This evidence supports the conclusion that the trial court did not abuse its discretion in its division of the estate.

Without additional evidence in the form of a complete reporter's record, we must presume that the remainder of the evidence presented was sufficient to support the trial court's ruling. *MSW Corpus Christi Landfill*, 664 S.W.3d at 109. Accordingly, and having presented no authorities or evidence in support of her contention, Chelby failed to meet her burden of demonstrating that the trial court abused its discretion in the division of property. *See In re Marriage of O'Brien*, 436

11

S.W.3d 78, 83 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also* TEX. R. APP. P. 38.1(i).

Therefore, we overrule Chelby's third issue.

## V. *Attorney's Fees*

In her fourth issue, Chelby contends that the trial court erred in ordering her to pay a portion of Jessica's attorney's fees in the amount of $8,738.45. Chelby argues that Jessica initiated the action and generated substantial fees through discovery. Thus, she argues that the order amounted to punishment of a wronged party and a reward for misconduct by the other.[3]

### A. *Governing Law*

"In a suit for dissolution of a marriage, the court may award reasonable and necessary attorney's fees, court costs, and expenses." FAM. § 6.708(c). "The reasonableness of the fees is a fact question and must be supported by the evidence." *In re Marriage of Comstock*, 639 S.W.3d 118, 142 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (citing *Fuentes v. Zaragoza*, 555 S.W.3d 141, 172 (Tex. App.— Houston [1st Dist.] 2018, no pet.)). "To support an award of attorney's fees, evidence should be presented on the 'hours spent on the case, the nature of preparation, complexity of the case, experience of the attorney, and the prevailing hourly rates' in the community." *Fuentes*, 555 S.W.3d at 172 (quoting *Hardin v. Hardin*, 161 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). The trial court has the equitable authority to award either spouse attorney's fees as part of the "just and right" division of the marital estate. *Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.—Fort Worth 2010, pet. denied). There is no prohibition on the

---

[3]Chelby also makes an assertion that the attorney's fees were improperly assessed because of Jessica's alleged adultery. However, there is no evidence to support that allegation in the record, and Jessica contests the assertion. Therefore, we decline to address it in analyzing the issue of the order to pay attorney's fees.

trial court's authority to award attorney's fees to a petitioner. *Id.*; *see* FAM. § 6.708(c).

B. *Standard of Review*

We review an award of attorney's fees for an abuse of discretion. *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). The trial court has broad discretion in determining whether to award reasonable attorney's fees in a divorce action. *Mandell*, 310 S.W.3d at 542. The reasonableness of attorney's fees is ordinarily a question left to the factfinder, and a reviewing court may not substitute its judgment for that of the factfinder. *Comstock*, 639 S.W.3d at 142.

However, as previously noted, this case was submitted without a reporter's record. It is Chelby's burden to bring forward a record showing the error alleged. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). Because an abuse of discretion review in family law issues implicates a review of both legal and factual sufficiency, without a complete reporter's record, we are unable to apply the proper sufficiency standards in review of the reasonableness of an award for attorney's fees. *MSW Corpus Christi Landfill*, 664 S.W.3d at 109. Further, Chelby failed to cite any authority in support of her contention or to show that the award here was punitive or "rewarding misconduct." It was also her burden to do so. *See* TEX. R. APP. P. 38.1(i).

C. *Discussion*

Chelby provided the exhibit that Jessica proffered to the trial court reflecting the total fees incurred until the final hearing. A billing statement from Jessica's attorney was admitted into evidence. The document reflected a total of $14,655 in fees and did not indicate that Jessica incurred unusually significant fees. Considering the available record, and the absence of any authority to support the contrary, we cannot say that the trial court abused its discretion by ordering Chelby to pay a portion of Jessica's attorney's fees.

Accordingly, we overrule Chelby's fourth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

July 30, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.